UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| COREY ADAM HENSLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Nos. 2:21-CV-101 |
| | ) 2:12-CR-084 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is Corey Adam Hensley's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 81].[1] The United States has responded in opposition. [Doc. 4]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also* [Doc. 3]. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 81] will be **DENIED**.

I. BACKGROUND

In August 2012, Petitioner and co-defendant were charged in a two-count indictment pertaining to being felons in possession of stolen firearms. [Crim. Doc. 1]. Petitioner was named in both counts. [*See id.*].

---

[1] Document numbers not otherwise specified refer to the civil docket.

On January 30, 2013, Petitioner entered into a plea agreement with the government. [Crim. Doc. 25]. Petitioner agreed to plead guilty to possessing stolen firearms in violation of 18 U.S.C. § 922(j). [*See id*.] The plea agreement was signed by Petitioner and attorney Tim S. Moore. In his plea agreement, Petitioner acknowledged that in March 2012, he gave a ride to co-defendant to a Morristown residence and helped co-defendant load two safes and some guns into the vehicle before driving co-defendant to another residence ("C residence"). Co-defendant paid Petitioner for the ride. At C residence, co-defendant sold the firearms. Petitioner admitting to being responsible for possessing the firearms and that he knew or had reasonable cause to know that the firearms were stolen. [*Id*. at 2-3].

The Court conducted a change of plea hearing on February 26, 2013. Although there is no transcript of that hearing in the record, the Court recalls conducting its standard colloquy with Petitioner and finding him competent to enter a guilty plea.[2] The Court confirmed that Petitioner indeed wished to plead guilty. The Court also confirmed: that Petitioner had been afforded ample time to discuss the case with his attorney; that he believed that his attorney was fully aware of all the facts on which the charges were based; that he was pleading guilty because he was, in fact, guilty; that counsel had explained the terms of Petitioner's plea agreement to hm; and that Petitioner understood that his sentence would be determined *by the Court*. *See* [Crim. Doc. 41].

---

[2] Where, as here, the same judge considering the § 2255 motion also presided over the underlying proceedings, the judge may rely on his recollections of those proceedings. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013).

The PSR calculated a total offense level of 27 and a criminal history category of IV, resulting in a guideline range of 100 to 125 months. [Crim. Docs. 47 & 50]. However, Petitioner was subject to a statutory mandatory maximum sentence of 120 months, which made his effective advisory guideline range 100 to 120 months. [Crim. Doc. 47].

The government filed a notice of no objections to the PSR. [Crim. Doc. 43]. The government also filed a sentencing memorandum wherein it concurred that the correct advisory guideline calculation was 100 to 120 months' imprisonment, requested a sentence within the guideline range, and objected to any departure or variance from the guidelines range. [Crim Doc. 47]. Petitioner did not file any objections to the PSR, but did file a sentencing memorandum, through counsel, requesting a 100-month sentence based on the 18 U.S.C. § 3553 factors. [Crim. Doc. 50].

On June 13, 2013, the Court sentenced Petitioner to a total of 100 months' imprisonment followed by three years of supervised release. [Crim. Doc. 54]. Petitioner did not file a direct appeal, and on June 13, 2021, he filed this § 2255 motion.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or

3

(3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court

must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner seems to raise two claims in this § 2255 motion: 1) that he has been tried and convicted of the same offense in state court, and 2) that the evidence does not support the conviction, specifically that he was "forced to take possession of stolen firearms charges," that neither weapon had his fingerprints on them, and that he was only "at the wrong place at the wrong time." [Doc. 1; Crim. Doc. 81]. The Government responds that Petitioner's §2255 motion is untimely and his claims are procedurally defaulted and barred by the collateral attack waiver in his plea agreement. [Doc. 4]. The Court will address the claims together.

#### A. Timeliness

As a preliminary matter, the Government asserts that Petitioner's motion is untimely as the one-year period of limitations applies to Petitioner's motion. [Doc. 4]. Under 28 U.S.C. § 2255, Petitioner's limitation period runs from the latest of four dates – 1) the date when the judgment of conviction is finalized, 2) the date an impediment by government action is removed if applicable, 3) the date the asserted right was initially recognized by

5

Case 2:21-cv-00101-RLJ   Document 5   Filed 04/13/22   Page 5 of 10   PageID #: 26

the Supreme Court or the date when a newly recognized right is made retroactively applicable, and 4) the date when the facts surrounding the claim(s) could have been discovered through due diligence. Here, Petitioner does not assert any impediment by government action keeping him from timely filing this § 2255 motion. Therefore, the appropriate limitations date is the latest date of when Petitioner's judgment became final, the date the asserted right was initially recognized or made retroactive by the Supreme Court, or when the facts supporting the claim could have been discovered.

Petitioner's claims are based on facts surrounding the evidence supporting his conviction and his state law charges. These are facts which could have been discovered prior to Petitioner's sentencing hearing on June 13, 2013, through the exercise of due diligence.

Petitioner references a "newly decided" case, "*Gray v. United States*," throughout his § 2255 petition. However, the United States asserts that Petitioner has not provided a citation, nor was the Government able to find a case by that name applicable to Petitioner. The Court liberally construes Petitioner's "*Gray*" case to mean the *Gary* case decided by the Supreme Court in *Greer v. United States*, 141 S. Ct. 2090 (2021). However, *Gary* is not relevant to Petitioner as that case involved non-retroactive *Rehaif* and felon-in-possession issues, whereas Petitioner was only convicted of possession of stolen firearms. His felon in possession charge was dismissed at sentencing. *See* [Crim. Doc. 54]. Petitioner has not asserted any newly recognized right or retroactive applicability of a right recognized by the Supreme Court.

6

Petitioner's judgment became final June 27, 2013, after the time for filing an appeal expired. Thus, as the latest of the applicable dates, the Court will use this date to determine the timeliness of Petitioner's motion. As Petitioner filed the instant motion June 13, 2021, almost seven years beyond the period of limitations provided in 28 U.S.C. § 2255(f)(1), his motion is untimely, absent the applicability of equitable tolling.

Equitable tolling "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The AEDPA limitations period may be subject to equitable tolling if the movant shows that (1) extraordinary circumstances beyond his control made timely filing of a federal habeas petition impossible and (2) the movant has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts," *Robertson*, 624 F.3d at 784, and the movant bears the burden of showing that equitable tolling is appropriate. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

To demonstrate in this case that he is entitled to equitable tolling, Petitioner must establish that he has pursued his rights diligently and that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649. Petitioner has not attempted to show that any extraordinary circumstance existed or prevented him from timely raising the claims contained in his § 2255 motion, nor that he has been pursuing his rights diligently. Because Petitioner has not established that he was unable to timely file his § 2255 motion to vacate

7

due to extraordinary circumstances beyond his control, the Court need not address the diligence prong of the equitable tolling test. Thus, Petitioner's motion is untimely.

### B. Procedural Default

Because Petitioner failed to raise the issues presented in his § 2255 motion on appeal, he is procedurally defaulted from bringing these claims. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.") (citing *United States v. Frady*, 456 U.S. 152, 167-168 (1982), and *Bousley v. United States*, 523 U.S. 614, 621–22 (1998)). Here, Petitioner has not attempted to show cause or prejudice for failing to raise these issues on appeal, nor has he attempted to show actual innocence. Thus, Petitioner's claims are procedurally defaulted.

### C. Collateral Attack Waiver

When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he is precluded from bringing such claims. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing to *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). A waiver in a plea agreement is generally considered knowing and voluntary if a defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement terms. *Id*. An exception to the general rule exists if the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). However, in situations where the § 2255 motion does not articulate a basis for attacking the validity of the waiver, the Sixth Circuit and lower courts within the Circuit have upheld collateral attack waivers if the waivers were knowing and voluntary. *Watson*

8

*v. United States*, 165 F.3d at 486, 489 (6th Cir. 1999); *United States v. Eversole*, No. 6:05-cr-34, 2010 WL 420067, at *2, n.3 (E.D. Ky. Feb. 1, 2010).

In this case, Petitioner signed a Plea Agreement containing the following waiver provision: "the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of the judgment." [Crim. Doc. 25, p. 7]. Petitioner does not challenge the validity of the actual waiver, suggest that he did not understand the waiver, or claim that he did not sign it voluntarily. Accordingly, because Petitioner is not attacking the validity of the plea itself, and because he expressly waived the right to collaterally attack his conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct, his § 2255 claims are barred by the knowing and voluntary waiver contained in the binding Plea Agreement. *See Davila*, 258 F.3d at 451.

Accordingly, for the reasons set forth above, Petitioner's claims will be **DENIED** as untimely, procedurally defaulted, and barred by his collateral attack waiver. As such, the Court finds that it is unnecessary to address the merits of the allegations raised therein.

## IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 81] will be **DENIED** and **DISMISSED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

Having examined Petitioner's claims under the *Slack* standard, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right and reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge